Steven R. Daniels, CA Bar No. 235398
DICKINSON WRIGHT PLLC
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009
Email: SDaniels@dickinsonwright.com

*Attorneys for Plaintiff Collaborative Agreements, LLC d/b/a Oui Agree*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| COLLABORATIVE AGREEMENTS, LLC D/B/A OUI AGREE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOCUSIGN, INC.,<br><br>　　　　Defendant. | Civil Action No. 3:25-cv-1643<br><br>**ORIGINAL COMPLAINT AND JURY DEMAND** |

Plaintiff Collaborative Agreements, LLC d/b/a Oui Agree ("Plaintiff" or "Oui Agree"), for its Complaint against Defendant DocuSign, Inc. ("Defendant" or "DocuSign"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Collaborative Agreements, LLC d/b/a Oui Agree is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 9600 Escarpment Blvd., Suite 74-60 Austin, TX 78749.

3. Defendant DocuSign, Inc. is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 122 Main Street, San Francisco, CA 94105.

4. Upon information and belief, DocuSign manufactures, sells, offers to sell, and/or uses products throughout the United States, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they will be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281-285.

6. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over DocuSign because DocuSign maintains its principal place of business within this District, and by doing so has availed itself to the privileged and benefits of the laws of the State of California and of this judicial district.

8. Furthermore, this Court has personal jurisdiction over DocuSign because, as further described below, DocuSign has committed acts of patent infringement giving rise to this action

within the State of California and this judicial district, and has established minimum contacts such that the exercise of personal jurisdiction over DocuSign does not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because DocuSign maintains its principal place of business in this district.

### PATENTS-IN-SUIT

10. U.S. Patent No. 8,078,544 ("the '544 patent"), titled "System And Method For Facilitating Transactions Between Two Or More Parties," was duly and legally issued by the United States Patent and Trademark Office on December 13, 2011. A true and correct copy of the '544 patent is attached as Exhibit A.

11. U.S. Patent No. 10,546,356 ("the '356 patent"), titled "System And Method For Facilitating Transactions Between Two Or More Parties," was duly and legally issued by the United States Patent and Trademark Office on January 28, 2020. A true and correct copy of the '356 patent is attached as Exhibit B.

12. Collaborative Agreements, LLC is the assignee and owner of the right, title and interest in and to the '544 patent and the '356 patent (collectively referred to as the "Patents-In-Suit"), including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of said patents.

### DOCUSIGN'S ACCUSED PRODUCTS

13. DocuSign provides products for managing electronic agreements with electronic signatures, including Docusign eSignature and the DocuSign IAM applications, referred to collectively herein as the "Accused Products." DocuSign IAM applications include IAM Core, IAM for Sales and IAM for Customer Experience. The DocuSign IAM applications include DocuSign's core capabilities, including, among other things, DocuSign eSignature, a capability for electronically signing documents such as contracts, and DocuSign CLM, a capability for contract life management. The Accused Products infringe the Patents-In-Suit as described below.

**NOTICE AND COMMUNICATIONS BETWEEN THE PARTIES**

14. On June 14, 2010, after the U.S. Patent No. 7,562,053 (the "'053 patent")—the parent patent to the '544 patent—had issued, DocuSign's founder, Tom Gonser, sent an email to Mr. Ronald Twining, one of the named inventors of the Patents-in-Suit, to introduce him to DocuSign's Chief Legal Officer, Ken Moyle. The email suggested that Mr. Twining and Mr. Moyle discuss Mr. Twining's patent and whether "it makes sense to acquire it." Mr. Gonser continued to write that the patent "may have some value as part of our overall portfolio."

15. Subsequently, in a July 20, 2010, email to Mr. Gonser, Mr. Twining noted that a meeting of DocuSign executives had been scheduled to discuss the potential acquisition of Mr. Twining's patent. Mr. Twining noted that if DocuSign were to acquire the patent, it would also receive rights to a properly filed continuation application with a disclosure that covered additional implementations of Mr. Twining's invention.

16. In or around late September 2010, DocuSign made an offer to acquire Mr. Twining's patent and the pending application for a cash payment and an offer of employment to Mr. Twining who was to receive additional guaranteed compensation over a fixed period.

17. On October 13, 2010, Mr. Twining wrote to Mr. Gonser and Mr. Moyle and stated that he was declining their offer and had accepted an offer from another acquirer.

18. On April 2, 2013, Mr. Gonser and Mr. Moyle met in person with Mr. Twining and other representatives of Oui Agree—the company that had acquired Mr. Twining's patents—including the company's outside litigation counsel. Oui Agree presented a slide presentation that proposed a model under which DocuSign would take a license to Mr. Twining's patents and participate in an ongoing collaboration with Oui Agree to monetize the patents and enhance DocuSign's competitive position. At the time of the meeting, the '053 patent and '544 patent had issued and continuation applications were pending. During the meeting, it was explained that DocuSign infringed the '544 patent and would infringe the claims that were planned for the pending applications and therefore needed a license.

19. DocuSign thus received actual notice of its infringement of at least the '544 patent at least as early as April 2, 2013.

20. After the meeting, Mr. Gonser requested a copy of the slides that had been presented. The copy was sent to him by email on April 4, 2013.

21. In addition to the above instances of notice, DocuSign has demonstrated its awareness of Mr. Twining's patents by citing them as prior art in many of DocuSign's subsequent patent applications.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,078,544

22. Oui Agree re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

23. On information and belief, DocuSign has and continues to directly infringe one or more claims of the '544 patent by making, using, selling, offering for sale, and/or importing into the United States DocuSign eSignature and the DocuSign IAM applications.

24. Specifically, DocuSign directly infringes the '544 patent by performing the steps of methods for facilitating transactions between two or more parties, such as when customers use DocuSign eSignature and the DocuSign IAM applications.

25. For example, DocuSign directly infringes, literally and/or under the doctrine of equivalents, at least claim 1 of the '544 patent by performing the steps of the method recited in claim 1. Claim 1 recites:

> 1. A method for facilitating a transaction between two or more parties comprising the steps of:
> receiving registration information at a server computer via a network from a client communications device of each party to the transaction wherein (a) the client communications device comprises a computer, a workstation, a personal data assistant, a web-enabled phone or a wireless communications device, and (b) the registration information comprises a user name for the party, a password for the party and an electronic signature for the party and begins the transaction;
> assigning a secured account for the transaction on the server computer that is accessible via the network;
> providing each party with login information for the secured account;
> receiving one or more electronic documents at the server computer from the client communications device of one of the parties;

      posting the received electronic documents to the secured account on the server computer such that the client communications device of each party can retrieve and modify the posted electronic documents via the network;
      tracking one or more changes to the posted electronic documents made by the client communications devices of the parties; and
      whenever an acceptance of all portions of one of the posted electronic documents is received by the server computer from the client communications devices of all the parties, locking the posted electronic document on the server computer against future changes, attaching the electronic signature from each agreed party to the agreed to and locked electronic document and providing the signed electronic documents to each party.

26.    DocuSign performs a method for facilitating a transaction between two or more parties, such as DocuSign users.

27.    DocuSign performs the step of "receiving registration information at a server computer via a network from a client communications device of each party to the transaction wherein (a) the client communications device comprises a computer, a workstation, a personal data assistant, a web-enabled phone or a wireless communications device, and (b) the registration information comprises a user name for the party, a password for the party and an electronic signature for the party and begins the transaction."  For example, DocuSign is supported on a variety of client communications devices, including Windows, Android, and/or Apple operated desktop and mobile devices such as iPhones, Windows Phones etc.  When parties to a transaction sign a document, login information and password related information is received at a server, or a node.  When a party is ready to sign a document, an electronic signature is created via the acceptance of certain terms and conditions. When the party signs the document, the electronic signature is utilized.

28.    DocuSign performs the step of "assigning a secured account for the transaction on the server computer that is accessible via the network."  For example, records of the transaction, such as associated documents, are stored at an account on the server, or node, of a secure cloud system. The documents are available via a network that connects to the cloud system. For instance, the parties can access documents via the secure account.

29.     DocuSign performs the step of "providing each party with login information for the secured account." For example, to access the user account, a recipient receives login information, such as an access code or a one-time passcode.

30.     DocuSign performs the step of "receiving one or more electronic documents at the server computer from the client communications device of one of the parties." For example, the cloud system receives at least one document at a server, or a node.

31.     DocuSign performs the step of "posting the received electronic documents to the secured account on the server computer such that the client communications device of each party can retrieve and modify the posted electronic documents via the network." For example, the cloud system posts the received at least one document to make them available for a party for modification. For instance, the party can make changes to the at least one document, and/or sign the at least one document electronically.

32.     DocuSign performs the step of "tracking one or more changes to the posted electronic documents made by the client communications devices of the parties." For example, DocuSign provides a track changes functionality in the CLM capability and/or using the Field Markup Feature of DocuSign eSignature.

33.     DocuSign performs the step of "whenever an acceptance of all portions of one of the posted electronic documents is received by the server computer from the client communications devices of all the parties, locking the posted electronic document on the server computer against future changes, attaching the electronic signature from each agreed party to the agreed to and locked electronic document and providing the signed electronic documents to each party." For example, once DocuSign receives an indication that all parties have accepted all portions of a document, e.g. by all parties signing the document electronically, the document is locked against future changes, the electronic signatures are attached to the document, and the signed document is made available to the parties. For instance, the document is made available in PDF format.

34. DocuSign further directly infringes the '544 patent by making, using, selling, offering for sale and/or importing into the United States infringing systems, i.e., software products and applications embodying electronic signature services for facilitating transactions between two or more parties, which are supported on a number of platforms, including Windows, Android, and/or Apple operated desktop and/or mobile electronic devices that communicate with DocuSign's cloud data centers.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,546,356

35. Oui Agree re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

36. On information and belief, DocuSign has and continues to directly infringe one or more claims of the '356 patent by making, using, selling, offering for sale, and/or importing into the United States DocuSign eSignature and the DocuSign IAM applications.

37. Specifically, DocuSign directly infringes the '356 patent by performing the steps of methods for facilitating transactions between two or more parties, such as when customers use DocuSign eSignature and the DocuSign IAM applications.

38. For example, DocuSign directly infringes, literally and/or under the doctrine of equivalents, at least claim 1 of the '356 patent by performing the steps of the method recited in claim 1. Claim 1 recites:

> 1. A method for facilitating a transaction between two or more parties comprising the steps of:
> receiving an electronic document at a processing device;
> identifying and designating each portion of the received electronic document as at least one of a read-only portion, a read-only portion containing one or more editable fields, a selectable portion or any combination thereof using the processing device;
> creating a computer program comprising an executable transaction-specific application or embeddable frame for the transaction by converting the received electronic document into the executable transaction-specific application or embeddable frame based on the designated portions for a first party using the processing device;
> making the executable transaction-specific application or embeddable frame available to a second party via download, execution on a website, execution within a browser, or an electronic device; and

executing the executable transaction-specific application or embeddable frame by the second party, wherein the executable frame creates the completed electronic agreement that is legally binding on at least the second party.

39. Users using DocuSign perform a method for facilitating a transaction between two or more parties, such as DocuSign users.

40. Users using DocuSign perform the step of "receiving an electronic document at a processing device." For example, when a DocuSign sender uploads a document to the DocuSign platform, the electronic document is received at the processing device such as a server, or node.

41. User using DocuSign perform the step of "identifying and designating each portion of the received electronic document as at least one of a read-only portion, a read-only portion containing one or more editable fields, a selectable portion or any combination thereof using the processing device." For example, using DocuSign, uploaded documents can be edited to designate different portions as read-only or editable. Users can add fields where signees can input data, checkboxes, and other interactive elements.

42. DocuSign performs the step of "creating a computer program comprising an executable transaction-specific application or embeddable frame for the transaction by converting the received electronic document into the executable transaction-specific application or embeddable frame based on the designated portions for a first party using the processing device." For example, in DocuSign, the platform transforms the uploaded document into an interactive, transaction-specific format that can be accessed and completed online.

43. DocuSign performs the step of "making the executable transaction-specific application or embeddable frame available to a second party via download, execution on a website, execution within a browser, or an electronic device." For example, once the document is prepared on DocuSign, it can be sent to other parties via email or a shared link. The recipients can access and interact with the document through their web browsers or the DocuSign mobile app.

44. DocuSign performs the step of "executing the executable transaction-specific application or embeddable frame by the second party, wherein the executable frame creates the

completed electronic agreement that is legally binding on at least the second party." For example, when the second party receives the document, they can complete the necessary fields, sign it, and submit it back through the DocuSign platform. The documents signed and completed via DocuSign are legally binding in many jurisdictions. The platform ensures compliance with various e-signature laws like the UETA and ESIGN Act in the United States.

45. DocuSign further directly infringes the '356 patent by making, using, selling, offering for sale and/or importing into the United States infringing systems, i.e., software products and applications embodying electronic signature services for facilitating transactions between two or more parties, which are supported on a number of platforms, including Windows, Android, and/or Apple operated desktop and/or mobile electronic devices that communicate with DocuSign's cloud data centers.

**PRAYER FOR RELIEF**

Wherefore, Oui Agree respectfully requests that this Court enter a Judgment and Order in its favor and against DocuSign as follows:

A. Finding that DocuSign has infringed each of the Patents-In-Suit;

B. Awarding damages to be paid by DocuSign adequate to compensate Oui Agree for DocuSign's past infringement of the Patents-In-Suit, and any continuing or future infringement of the Patents-In-Suit through the date such judgment is entered, in an amount no less than the amount of a reasonable royalty under 35 U.S.C. § 284, and including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. Granting a permanent injunction pursuant to 35 U.S.C. § 283, enjoining DocuSign from further acts of infringement with respect to the Patents-In-Suit;

D. Finding that DocuSign's infringement has been willful and awarding treble damages under 35 U.S.C. § 284;

E. Finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Oui Agree its costs, reasonable attorneys' fees, expenses and interest;

F.   Awarding such other and further relief as this Court deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Oui Agree hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 14, 2025

Respectfully submitted,

*/s/ Steven R. Daniels*
Steven R. Daniels, CA Bar No. 235398
SDaniels@dickinsonwright.com
DICKINSON WRIGHT PLLC
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009

*Counsel for Plaintiff Collaborative Agreements, LLC d/b/a Oui Agree*